**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATTI WARDRUP,

             Plaintiff,

vs.                                                    Case No. 3:06-cv-372-J-32MMH

ALBERTSON'S INC., et al.,

             Defendants.

_____

## **ORDER**[1]

This case is before the Court on defendants' Motion to Dismiss Count One (Doc. 16) to which plaintiff has filed a response in opposition (Doc. 21). Having reviewed the motion, the response, the Plan, the amended complaint and the applicable law, the Court cannot say as a matter of law at this stage that plaintiff's claim for severance benefits is necessarily one covered by ERISA as an employee benefit plan. Not all severance policies are considered employee welfare plans under ERISA and, as both parties acknowledge, the inquiry into whether such a plan is covered by ERISA is "fact specific" based on various factors, none of which are, on their own, determinative. Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 11-13 (1987); Donovan v. Branch Banking & Trust Co., 220 F.Supp.2d 560, 565-67) (S.D.W.Va. 2002) (applying "the Fort Halifax test" to determine that plan was not covered by ERISA). Not all of the Fort Halifax test factors are readily determinable from the Plan document itself (attached as Exhibit A to defendants' motion). Therefore, plaintiff is entitled

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

to undertake discovery to further investigate the nature of the plan here and defendants' motion (Doc. 16) is accordingly **DENIED without prejudice** to renewal.[2]

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of January, 2007.

_Timothy J. Corrigan_
TIMOTHY J. CORRIGAN
United States District Judge

s.

Copies:

counsel of record

---

[2] Although the Court could envision this issue being revisited on summary judgment, if either or both parties determine before the dispositive motion deadline that this plan is not likely covered by ERISA, they are requested to bring that matter to the Court's attention as it appears that the Court might not otherwise have subject matter jurisdiction over this case.